```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MARC ARDIS, | Civil No. 08-4301 (JBS) |
| Petitioner, | |
| v. | **O P I N I O N** |
| MICHELLE RICCI, et al., | |
| Respondents. | |

**APPEARANCES:**

Marc Ardis, Pro Se
#252770/922004B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Jack J. Lipari, Esq.
Atlantic County Pros. Office
4997 Unami Boulevard
P.O. Box 2002
Mays Landing, NJ 08330
Attorney for Respondents

**SIMANDLE, District Judge**

This matter is before the Court on Petitioner's request for a stay and abeyance of his habeas petition, filed pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner will be ordered to show cause as to why his request should be granted.

### BACKGROUND

Petitioner, Marc Ardis, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on August 22, 2008. Upon filing, Petitioner noted that two issues he wished to raise in his petition were unexhausted, namely: "Trial Counsel was ineffective for waving Petitioner's juvenile probable cause

hearing;" and "Trial Counsel was ineffective for not retrieving Petitioner's mental health evaluation report from the Adult Diagnostic Hospital, therefore denying Petitioner a defense at the juvenile probable cause hearing and at trial."  (Attachment to Petition, docket entry 1, p. 17 of 19).

Petitioner has appealed his conviction and filed a post-conviction relief ("PCR") motion that were heard at all levels of the New Jersey courts.  However, it appears that the unexhausted claims, above, were not presented to the New Jersey courts. Petitioner argues that the claims have merit, and that:

> . . . petitioner was denied an evidentiary hearing in state court in which petitioner's exhausted issues w[ere] clearly related to issues that w[ere] off the record concerning trial counsel.  Petitioner also submits that assigned PCR counsel failed to raise these issues and did not communicate with Petitioner concerning the unexhausted issues.  The trial court failed to grant defendant an evidentiary hearing, therefore denying petitioner a fair hearing on the merits.  Petitioner submits he was fifteen years old when these incidents occurred, and was ignorant of the law at that time.

(Petition, docket entry 1, at p. 13 of 19).  Petitioner requested that his habeas petition be stayed, so that he could exhaust these claims in state court.

On February 25, 2009, this Court ordered that Respondents be served with the petition and requested that they respond to Petitioner's request for a stay and abeyance of his habeas petition (docket entry 5).

On March 11, 2009, Respondents filed a letter in response to the Petitioner's request (docket entry 8).  In their response, Respondents admit that Petitioner's petition "fails . . . to set forth the [unexhausted] claims in such detail as would permit fair consideration of whether or not they have any merit."  (Response, docket entry 8 at p. 1).  Furthermore, Respondents allege that Petitioner has failed to demonstrate good cause for any failure to exhaust the claims.  Respondents note that "at least on their face, the claims do not appear to be so complex or difficult that they could not have been raised in a timely way.  Nor is there any realistic projection of actual innocence.  The petitioner, it is submitted, has failed to present good cause for failing to exhaust any claim."  Respondents end by submitting that the stay should not be granted.  (Response, docket entry 8 at p. 2).

## **DISCUSSION**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective ...." 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners

[in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. See id. at 277.[1]

---

[1] Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. See Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

---

987.  In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).  However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate."  Id. at 186.  "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.  At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

---

[2] See 28 U.S.C. § 2244(d).

> [S]tay and abeyance should be available only in limited circumstances.... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition....  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the

8

denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc." ) (citations omitted).[3]

Here, as noted, a stay would be appropriate if Petitioner shows "good cause" as to why the claims were not presented to the state courts, and, if he can show good cause, that the claims are not meritless.  As acknowledged by Respondents, the petition does not offer enough information for this Court to make an informed decision on whether or not the claims have merit.  Further, from the face of the petition, Petitioner has not shown good cause as to why he did not exhaust these claims.  However, this Court finds that Petitioner should be granted an opportunity to show cause, in writing, as to why his request for a stay should be granted.  Thus, Petitioner, in accordance with the attached Order, must demonstrate, in writing, that there was good cause for his failure to exhaust these claims, and that the claims are potentially meritorious, in accordance with Rhines.  If Petitioner chooses not to submit said writing, or if the Court, after reviewing the submission decides that a stay is not warranted, the request for a stay will be denied, and the

---

[3] The Court of Appeals for the Third Circuit recently clarified that the Rhines stay and abeyance holding also applies to petitions presenting only unexhausted claims, rather than just "mixed" petitions.  See Heleva v. Warden, – F.3d –, 2009 WL 2914472 (3d. Cir., Sept. 14, 2009).

petition will be dismissed, without prejudice, for failure to exhaust state court remedies.

## CONCLUSION

Based on the foregoing, Petitioner will be ordered to show cause as to why his request for a stay should be granted. An appropriate Order accompanies this Opinion.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

Dated: **October 5, 2009**